WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metso Minerals Industries Incorporated, | No. CV-14-00013-PHX-DGC |
| Plaintiff, | **ORDER AND PRELIMINARY INJUNCTION** |
| v. | |
| Patrick Oakes, et al., | |
| Defendants. | |

Plaintiff Metso Minerals Industries, Inc. ("Metso") has filed a motion seeking a preliminary injunction pursuant to Rule 65. Doc. 14. The motion is fully briefed and neither party has requested oral argument. The Court will grant the motion.

**I.      Background.**

Metso develops, manufactures, services, and sells mining and construction equipment, including rock crushers for processing ore and resizing rock. Doc. 17, ¶ 5. Over the past several years, Metso has made substantial investments to develop a new High Pressure Roll Crusher ("HRC"). *Id*., ¶ 19; Doc. 14 at 3. Metso is currently in the process of testing and refining a prototype HRC in Arizona. Doc. 17, ¶ 19. Associated with this prototype are many confidential, proprietary, and trade secret documents related to the design specifications, performance, installation, maintenance, repair, and assembly of the new equipment. *Id*.

Plaintiff Patrick Oakes was employed as an Estimator, Sales Support & Project Manager for Metso. *Id*., ¶ 23. Oakes had access to confidential, proprietary, and trade

secret information about multiple Metso products during his time at Metso. Doc. 17, ¶ 29, Doc. 14 at 4. As an employee at Metso, Oakes signed a "Creations, Confidentiality, Trade Secrets & Company Property Agreement." Doc. 14 at 3. As part of this agreement, Oakes made three commitments: (1) he would not use any of Metso's confidential information for his benefit or the benefit of others during and for a period of two years following his employment at Metso; (2) he understood that he had an independent obligation under trade secret law to refrain from misappropriating or disclosing Metso's trade secrets; and (3) he would promptly deliver any and all copies of company property in his possession to Metso upon termination. Doc. 14-4 at 4-6.

On Friday, September 20, 2013, Oakes submitted his resignation to Metso. Doc. 17, ¶ 24. Metso alleges that "contemporaneous with Mr. Oakes' [resignation], he downloaded onto portable USB devices confidential Metso information, that he thereafter accessed Metso confidential information on those portable USB devices, and that he continues to have at least one of those USB devices in his possession." Doc. 1, ¶¶ 31-37; Doc. 14 at 5. Metso claims that the files Oakes appropriated include "hundreds of detailed manufacturing drawings for the HRCs and their components, as well as manuals . . . , and several customer quotes and estimating worksheets." Doc. 14 at 7.

Metso seeks a preliminary injunction that: (1) enjoins Oakes from accessing, copying, distributing, disclosing, or using, directly or indirectly, through any means whatsoever, Metso's confidential information; (2) enjoins Oakes from accessing, copying, distributing, disclosing, or using, directly or indirectly, through any means whatsoever, electronic files transferred from the Lenovo Thinkpad T430 laptop, serial number 1S2349G5UPB05TEN that Metso issued to Oakes during his employment; (3) requires Oakes to identify everyone to whom he has disclosed or otherwise made available any Metso confidential information or any of the electronic files obtained from his work laptop; (4) orders Oakes to return all confidential information and other documents or things belonging to Metso or containing Metso's confidential information; and (5) requires Oakes to make his personal computer and any other device to which any

of the USB devices were attached available for inspection. Doc. 14 at 1-2.

## II. Legal Standard.

In order to obtain a preliminary injunction, Metso must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit continues to analyze the four elements using a "sliding scale" approach, in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). An injunction may be granted when serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiff's favor. *Wild Rockies*, 632 F.3d at 1135.

## III. Analysis.

As stated in his answer to Metso's amended complaint, Oakes claims that he took Metso's data with him after his termination because he anticipated calls from Metso employees with questions concerning projects he was working on prior to his departure from Metso. Doc. 24 at 2. In fact, he did receive calls from Metso employees and he used Metso's information in order to provide helpful responses. *Id*. Oakes reports that he has accommodated Metso's requests for return of its data and has even given Metso's forensic computer expert access to his personal computers. *Id*. In addition, Oakes claims to have discovered a 16 gigabyte PNY thumb drive in his closet, which he promptly mailed to Metso. *Id*. As such, Oakes argues that there is no need for a preliminary injunction to afford Metso access to Oakes' computers. Oakes does not oppose entry of an injunction prohibiting him from accessing, copying, or in any way using Metso's trade secret information. *Id*. at 1. He does, however, object to an injunction requiring him to identify everyone to whom he has disclosed or made available Metso's confidential information because he claims that he has not made such information available to anyone except those to whom Metso has approved such disclosure. *Id*. at 3.

- 3 -

Metso argues that an injunction is still appropriate because Oakes has not yet returned a Staples Relay USB device (the "2005 thumb drive"), which was used to copy information from Oakes' Metso-issued work laptop. Doc. 27 at 2. In addition, Metso's forensic expert analyzed the 16 gigabyte PNY thumb drive returned to Metso and discovered that it contained files referencing "HRC" and "hrc pilot." *Id*. Those files were copied to the thumb drive on October 14, 2013 and November 11, 2013, suggesting that Oakes still possesses the files on some other device. *Id*. Finally, the forensic expert's analysis of the PNY drive revealed that it had not been connected to any of the computers that Oakes provided for inspection, suggesting that there is some other device onto which Oakes has transferred Metso's information. *Id*.

### A. Likeliness of Success on the Merits.

Metso is likely to succeed on the merits of its trade secrets claims. At the very least, Metso's claim raises serious questions that go to the merits. Under the Arizona Uniform Trade Secret Act, Metso must prove two elements: (1) the existence of a trade secret, and (2) actual or threatened misappropriation. *See Calisi v. Unified Fin. Servs., LLC*, 302 P.3d 628, 631-32 (Ariz. Ct. App. 2012); *Miller v. Hehlen*, 104 P.3d 193, 201 (Ariz. Ct. App. 2005). The design drawings and other sensitive documents that Oakes copied are protectable as trade secret information, and Metso has provided evidence that it has taken adequate measures to protect the documents' secrecy. Doc. 14 at 11. Oakes does not dispute that the documents should be accorded trade secret protection. Further, the fact that Oakes has failed to account for the whereabouts of the 2005 thumb drive suggests that he misappropriated Metso's trade secrets.

### B. Irreparable Harm.

Under Arizona law, "once a protectable interest is established, irreparable injury is presumed to follow if the interest is not protected." *Phoenix Orthopaedic Surgeons, Ltd. v. Peairs*, 790 P.2d 752, 757 (Ariz. Ct. App. 1989). Oakes does not dispute that disclosure of trade secrets would cause irreparable injury. Metso has presented evidence tending to prove that Oakes still possesses Metso's trade secrets months after his

termination, showing a likelihood of irreparable harm.

### C. Balance of Hardships.

The hardship that would be placed on Oakes if the preliminary injunction were granted is mild – he would be required to abstain from disclosing Metso's trade secrets and he would be required to return the 2005 thumb drive and submit his computers to inspection, which he claims he has already done. Metso would suffer considerable harm if the Court refused to grant a preliminary injunction – Metso would lose exclusive control over confidential information in which it has invested millions of dollars. The balance of hardships tips in Metso's favor.

### D. Public Interest.

Courts have held that the public interest is served by protecting a company's right to proprietary information, business operations, and contractual rights. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McClafferty*, 287 F.Supp.2d 1244, 1249 (D. Haw. 2003). In addition, granting the injunction is consistent with the public policy of protecting a company's interest in its trade secrets and confidential information. *See Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 481 (1974).

**IT IS ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 14) is **granted**. Upon payment by Plaintiff of a $500 bond, Defendant is enjoined from accessing, copying, distributing, disclosing, or using, directly or indirectly, through any means whatsoever, Plaintiff's confidential information. Defendant is also enjoined from accessing, copying, distributing, disclosing, or using, directly or indirectly, through any means whatsoever, electronic files transferred from the Lenovo Thinkpad T430 laptop, serial number 1S2349G5UPB05TEN that Plaintiff issued to Defendant during his employment. Within seven days of Plaintiff's payment of the bond, Defendant must identify everyone to whom he has disclosed or otherwise made available any of Plaintiff's confidential information or any of the electronic files obtained from his work laptop. Within seven days of Plaintiff's payment of the bond, Defendant must return all confidential information and other documents or things belonging to Plaintiff or

containing Plaintiff's confidential information and must make his personal computer and any other device to which any of the USB devices were attached, including the 2005 thumb drive, available for inspection.

Dated this 23rd day of April, 2014.

_____
David G. Campbell
United States District Judge